IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LELAND EDWARDS, et al., | ) CASE NO. 1:25 CV 205 |
| Plaintiffs, | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| TERMINIX, et al., | ) |
| | ) **MEMORANDUM OPINION** |
| Defendants. | ) **AND ORDER** |

**I. Introduction**

*Pro se* plaintiff Leland Edwards filed this action on behalf of himself, his two minor children, P.E. and M.E., and a disabled adult, R.P.J.[1], against the following: Terminix, Cuyahoga Metropolitan Housing Authority ("CMHA"), Carver Park, Ms. Houston, Ms. Davis, James Jones, Maintenance Personal Tracy, Ms. Holly, CMHA Police, and Cleveland Health Department (Doc. No. 1). In the complaint, Edwards describes purportedly deplorable conditions in which the individuals were living and the dissatisfaction with the defendants' management of his

---

[1] Also referred to as "R.S.J." in the body of the complaint. (Doc. No. 1 at PageID ## 3, 6).

complaints concerning their housing conditions.

The complaint alleges that the action is being filed under "USC 18 color of law," "42 USC," and 18 U.S.C. § 242. The complaint also appears to allege that Defendant CMHA violated the American with Disabilities Act as it relates to R.P.J. (*See* Doc. No. 1 at PageID # 6). And in one conclusory statement, Edwards states that his family "has been ageistly wronged." (*Id.* at PageID # 5).

As an initial matter, although the case caption identifies Edwards, P.E., M.E., and R.P.J. as plaintiffs, only Edwards signed the complaint. A party may plead and conduct his or her case in person or through a licensed attorney. *See* 28 U.S.C. § 1654; *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991). And an adult litigant who wishes to proceed *pro se*, meaning "on one's own behalf," must personally sign the complaint or petition to invoke the Court's jurisdiction. *Steelman v. Thomas*, 848 F.2d 194 (6th Cir. 1988); *Banks v. Valaluka*, No. 1:15 CV 1935, 2015 U.S. Dist. LEXIS 156558, * 23 (N.D. Ohio Nov. 18, 2015) (citing 28 U.S.C. § 1654). A *pro se* litigant may not represent anyone other than himself or herself, even if that person is a spouse or a child. *See e.g. Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir.1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but [he] cannot be represented by a non-lawyer"); *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir.1997) ("While a non-attorney may appear *pro se* on his own behalf, he has no authority to appear as an attorney for others than himself"); *see also Jackson v. Kment*, No. 13 CV 10819, 2016 U.S. Dist. LEXIS 33684, * 20 (E.D. Mich. Mar. 16, 2016) (finding Plaintiff lacks standing to seek injunctive relief on behalf of "his friends and family members").

Here, there is no suggestion in the complaint that Edwards is a licensed attorney. And as a

*pro se* litigant, he cannot bring claims on behalf of another person, including his own minor children. Because only his signature appears on the pleading, the Court can only consider claims that pertain to Edwards.

Edwards filed an application to proceed *in forma pauperis* (Doc. No. 2). The Court grants that application and will address claims concerning Edwards, the plaintiff.

## II. Background

Plaintiff alleges that he, R.P.J., P.E., and M.E. resided in the Carver Park apartments managed by CMHA. The complaint lists numerous problems they have had at this apartment, including the following: Edwards's Chevy Tahoe was struck by gunfire in the CMHA parking area in December 2022; they discovered mice infestation in the apartment; Edwards's car tires were slashed in June 2023; the apartment had no heat or "cool air" from February 2023 to December 2023; there were dead flies in the light fixtures due to "mice dying in the walls"; and P.E. became sick from the mice droppings. Edwards alleges that he has made numerous complaints, but CMHA has not adequately addressed the deplorable living conditions and Terminix failed to sufficiently address the mice infestation. It appears that Edwards also alleges that CMHA is using his 1989 rape conviction against him, stating that CMHA is using his conviction "as subterfuge." (Doc. No. 1 at PageID # 5).

Plaintiff states that he and R.P.J. are not on a lease with CMHA. The complaint, however, identifies "Ms. Hodge" as the tenant. According to documents attached to the complaint, Ms. Hodge filed a lawsuit against CMHA and Carver Park in the Cleveland Municipal Court, Housing Division (Case No. 2023-CVH-013478). In that complaint, Ms. Hodge stated that she and her family live in Carver Park apartments managed by CMHA and her family has been

subjected to mice infestation, inadequate treatment by Terminix, and rent deposit fails. Ms. Hodge alleged the defendants breached the lease and violated Section 5321.04(A) of the Ohio Revised Code by failing to make necessary repairs and failing to keep the property safe and habitable. (*See* Doc. No. 1-3 at PageID ## 58-64). Further, in a motion to place her rent in escrow, Ms. Hodge alleged that her Chevy Tahoe, which was parked at her apartment, had a bullet hole from an "open gun battle ... the night before." (Doc. No. 1-1 at PageID # 11). Plaintiff states that Ms. Hodge settled this action in February 2024. (Doc. No. 1 at PageID # 5).

Plaintiff seeks compensatory relief.

### III. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129

S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### IV. Discussion

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Rather, federal courts have only the authority to decide cases that the Constitution and Congress empower them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) (internal citation omitted).

Generally, the Constitution and Congress have given federal courts authority to hear a case only where diversity of citizenship exists between the parties or where the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). The first type of federal jurisdiction, diversity of citizenship, applies to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish

diversity of citizenship, a plaintiff must establish that he or she is a citizen of one state and all of the defendants are citizens of others. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

Diversity of citizenship does not exist in this case. Plaintiff lists Ohio addresses for himself and all of the defendants. Because the complaint, as written, suggests that Plaintiff and all defendants are citizens of Ohio, federal subject matter jurisdiction cannot be based on diversity of citizenship. Therefore, if federal jurisdiction exists in this case, it must be based on a claimed violation of federal law.

This case, however, is essentially a landlord/tenant dispute that is governed by state law, and there are no facts in the complaint suggesting any other claims. Plaintiff's complaint includes reference to two partial statutes– "USC 18 color of law" and "42 USC." These incomplete citations, however, are insufficient to invoke federal question jurisdiction. Additionally, it appears that Plaintiff may be attempting to allege a violation of 18 U.S.C. § 242, claiming that this statute makes it a federal crime to wilfully deprive an individual of his constitutional rights. (*See* Doc. No. 1 at PageID # 3). Section 242, however, is a criminal statute and provides no private right of action to civil plaintiffs. *See U.S. v. Oguaju*, 76 Fed. App'x. 579, 2003 WL 21580657, *2 (6th Cir. 2003) (there is no private right of action for conspiracies to violate civil

rights under 18 U.S.C. §§ 241 and 242). And to the extent Plaintiff is attempting to invoke the Court's jurisdiction with his statement that his family "has been ageistly wronged," this bare, conclusory statement is not supported by the facts of the complaint and is construed as being made solely for the purpose of obtaining federal jurisdiction. A claim invoking federal question jurisdiction under 28 U.S.C. § 1331 "may be dismissed for want of subject-matter jurisdiction if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n. 10, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) (quoting *Bell v. Hood*, 327 U.S. 678, 682-83, 66 S. Ct. 773, 90 L. Ed. 939 (1946)). Plaintiff has therefore failed to establish federal question jurisdiction, and the case must be dismissed on this basis.

Even if Plaintiff had established federal question jurisdiction, he lacks standing to bring his claims. In every federal case, the party bringing the suit has the burden to establish standing to prosecute the action. "In essence the question of standing is whether the litigant is entitled to have the Court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975). Standing is a "bedrock requirement" of federal jurisdiction. *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471, 102 S. Ct. 752, 70 L. Ed. 2d 700 (1982). The Court is therefore obligated to examine a party's standing before addressing the merits of the party's claims. *See Bench Billboard Co. v. City of Cincinnati*, 675 F.3d 974, 983 (6th Cir. 2012). To have standing to bring a claim, a party must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties, even if that third party is a close relative. *Warth v. Seldin*, 422 U.S. 490, 499, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975); *Allstate Insurance*

*Co. v. Wayne County*, 760 F.2d 689, 693 (6th Cir. 1985).

Here, Plaintiff is basing his claim on Defendant CMHA's alleged breach of the lease with Ms. Hodge, with whom Plaintiff resides. Particularly, Plaintiff objects to the purported unsafe and uninhabitable conditions of the leased property at the Carver Park apartment. Plaintiff, however, is not on the lease with CMHA. He therefore lacks standing to bring claims concerning a breach of the lease. The fact that he may be collaterally affected by the breach does not necessarily extend the Court's Article III powers to him. *Allstate Insurance Co.*, 760 F.2d at 692.

Even if Plaintiff had standing to bring this claim and this Court had jurisdiction over this action, Plaintiff's claims are barred by res judicata. The doctrine of res judicata dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). The doctrine bars relitigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981). A subsequent action will be subject to a res judicata bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action.

In Ohio, the doctrine of res judicata encompasses the two related concepts of claim preclusion and issue preclusion. *State ex rel. Davis v. Pub. Emp. Ret. Bd.*, 120 Ohio St.3d 386, 392, 2008 Ohio 6254, 899 N.E.2d 975, 981 (2008). Under the Ohio doctrine of claim preclusion, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any

claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 1995 Ohio 331, 653 N.E.2d 226 (1995). The doctrine of claim preclusion encompasses "all claims which were or might have been litigated in a first lawsuit." *Id.* By contrast, issue preclusion, or collateral estoppel, "precludes the relitigation of an issue that has been actually and necessarily litigated and determined in a prior action." *MetroHealth Medical Ctr. v. Hoffmann-Laroche, Inc..*, 80 Ohio St. 3d 212, 217, 1997 Ohio 345, 685 N.E.2d 529 (1997). Issue preclusion applies when a fact or issue "(1) was actually and directly litigated in the prior action; (2) was passed upon and determined by a court of competent jurisdiction; and (3) when the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action." *Thompson v. Wing*, 70 Ohio St.3d 176, 183, 1994 Ohio 358, 637 N.E.2d 917 (1994). "Privity" is "a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata.'" *Id.* at 184 (citation omitted).

Here, issue preclusion bars Plaintiff's claims. The issue of the living conditions of the Carver Park apartment was actually and directly litigated in an action filed by Ms. Hodge in the Cleveland Municipal Court, Housing Division. According to the complaint, Ms. Hodge reached a settlement in that complaint. Because Plaintiff asserts that he resides with Ms. Hodge in the apartment unit, under those same purported conditions, he is in privity with Ms. Hodge in that action. Plaintiff is therefore barred by the doctrine of res judicata from asserting claims in federal court to challenge the purported unsafe and uninhabitable conditions of the Carver Park apartment unit he shares with Ms. Hodge.

## V. Conclusion

Accordingly, Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted, and this case is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision may not be taken in good faith.

**IT IS SO ORDERED.**

                                                                                          */s/ Donald C. Nugent*
                                                                                          DONALD C. NUGENT
                                                                                          United States District Judge

DATED: April 15, 2025